IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JACOB LESTER SHAW                                                                                         PLAINTIFF

v.                                               Civil No. 4:20-cv-04081

HEATH ROSS, Parole Officer; TIFFANY BLACKMON,
Parole Officer; DEPUTY JAMES GREEN; JOEY
JACKSON, Former Jailer; GINA BUTLER, Jail
Administrator; CAPTAIN TRACEY SMITH; TIM
GARNER, Transport Officer; DEPUTY RUSSELL
HOPKINS; CARL JENSEN, Parole Officer; JUDGE
EVELYN D. GOMEZ, Revocation Hearing Judge                                              DEFENDANTS

**ORDER**

This is a civil rights action filed by Plaintiff Jacob Lester Shaw pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. The case is before the Court for preservice screening under the provisions of the Prison Litigation Reform Act ("PLRA"). Pursuant to 28 U.S.C. § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

**I. BACKGROUND**

Plaintiff is currently an inmate in the Little River County Detention Center ("LRCDC") in Ashdown, Arkansas. He filed his Complaint on September 15, 2020. (ECF No. 1). Plaintiff's Motion to Proceed *In Forma Pauperis* ("IFP") was granted on September 30, 2020. (ECF No. 9). Plaintiff states at the time of the alleged incidents he was "in jail and still awaiting trial on pending criminal charges [and] in jail for other reasons (e.g. alleged probation violation, etc.)." (ECF No. 1, p. 3). He goes on to explain "I was here in Little River County on Parole Revo. & Pending Charge." He states the date of his parole revocation was July 23, 2019. *Id.*

In his Complaint, Plaintiff names the following individuals as Defendants: Heath Ross, a Parole Officer at the Arkansas Community Corrections; Tiffany Blackmon, a Parole Officer at the Arkansas Community Corrections; James Green, Little River County Deputy; Joey Jackson, a former jailer at the LRCDC; Gina Butler, Jail Administrator of the LRCDC; Tracey Smith, Jailer Captain; Tim Garner, a transport officer; Russell Hopkins, Little River County Sheriff Deputy; Carl Jensen, a Parole Officer at the Arkansas Community Corrections; and Evelyn D. Gomez, a revocation hearing judge with the Arkansas Parole Board. (ECF No. 1, pp. 2-5). Plaintiff asserts five claims in the Complaint and is suing Defendants in both their official and individual capacities. He seeks compensatory and punitive damages. *Id.* at p. 12.

In Claim One, Plaintiff alleges that on July 23, 2019 "at this Parole Hearing I was Deprived of Due Process of My Fourteenth Amendment" by Defendants Ross, Blackmon, and Green. (ECF No. 1, p. 6). He goes on to claim that "I was warned by these 3 Defendants that if my Parole Hearing witnesses claimed that I was innocent, my wife would be arrested, so I sent my defending witnesses away and went to prison on a violation with no cause . . . ." *Id.* Plaintiff states, "because my Informal Hearing was not structured to assure that the violation was based on verified facts. The charge was dismissed after I served the revocation '#4 LAWS.'" *Id.* at p. 7.

Plaintiff describes Claim Two as "Illegal Administration of Medication" occurring on September 2, 2019. (ECF No. 1, p. 7). Plaintiff explains, "Jailer Joey Jackson gave me a pill that belonged to someone else. As a result I was taken to the Emergency Room. Gina Butler is the Jail Admin. And this medication system is not right/safe."

Plaintiff describes Claim Three as "Refusal of Emergency Medical Transport" occurring on September 2, 2019. (ECF No. 1, p. 8). He states, "[a]s a result of Claim #2 EMT's requested to take me to the ER. Tracey Smith and Tim Garner suggested Jail Transport. EMT's advised that

would prolong a needed I.V. Insert. (that was inserted at the hospital) . . . . I have the right to medical treatment, advice, & Transport from qualified persons in the field of medicine not to be hindered by Jail Employees. It was denied to me." *Id.* at p. 12.

In Claim Four, Plaintiff alleges Defendant Russell Hopkins used excessive force against him on June 5, 2020. (ECF No. 1, p. 9). He describes the incident as follows: "On June 5, 2020 while surrendering to an arrest warrant. My hands were extended upward from the side, knees slightly bent. When the JPX Round was shot into my left eye . . . 'NO USE OF FORCE' was needed . . . ." *Id.* at p. 10.

In Claim Five, Plaintiff states that on June 17, 2020, "at his parole hearing [he] was deprived of Due Process of My Fourteenth Amendment" by Defendants Jensen, Green, and Gomez. (ECF No. 1, p. 10). He goes on to allege that "during this hearing the state produced a statement of evidence against me that I had no prior notice of. Therefor I could not properly defendant myself. No disclosure of evidence." *Id.*

## II. APPLICABLE LAW

Under the PLRA, the Court is obligated to screen the case prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded . . . to less

stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, a *pro se* plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

### III. DISCUSSION

**A. Claim One—Denial of Due Process at Parole Hearing on July 23, 2019**

In Claim One, Plaintiff alleges that Defendants Ross, Blackmon, and Green denied him due process at his parole hearing held on July 23, 2019. Plaintiff specially claims he "sent his defending witnesses away" because Defendants Ross, Blackmon, and Green warned him if "my Parole Hearing witnesses claimed I was innocent my wife would be arrested." (ECF No. 1, p. 6). He alleges that, because of this, he "went to prison on a violation with no cause . . . . The charge was dismissed after I served the revocation '4#LAWS.'" *Id.*

First, it is well settled that inmates do not have a constitutionally protected liberty interest in the possibility of parole or probation as required for a due process claim. *Hamilton v. Brownlee,* 237 F. Appx. 114 (8th Cir. 2007). In *Hamilton,* the court held that "Arkansas parole statutes do not create a protectable liberty interest in discretionary parole decisions . . . ." *Id.* at 115. Absent a protectable liberty interest, due process protections are not implicated. *Senty-Haugen v. Goodno,* 462 F.3d 876, 886 (8th Cir. 2006) (first question in procedural due process claim is whether plaintiff has been deprived of protected liberty or property interest). Accordingly, Plaintiff fails to state a due process claim against Defendants Ross, Blackmon, or Green.[1]

In addition, Defendants Ross and Blackmon are Plaintiff's parole officers. Plaintiff's

---

[1] Because Plaintiff alleges the "charge" against him was dismissed, the Court is not convinced the due process claims set forth in Claim One are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which holds that to recover damages for an allegedly unconstitutional conviction or imprisonment, a § 1983 plaintiff must prove that his conviction or sentence has been reversed, expunged, declared invalid, or called into question .

4

parole officers are immune from suit. "[T]he extent of immunity accorded an official depends solely on the official's function." *Figg v. Russell*, 433 F.3d 593, 599 (8th Cir. 2006) (citing *Nelson v. Balazic,* 802 F.2d 1077, 1078 (8th Cir. 1986)). The Eighth Circuit has found parole officers to be entitled to either absolute or qualified immunity depending on the function at issue. *Id.* at 1078-79 (finding parole officer entitled only to qualified immunity because the officer's decision not to take a parolee into custody was not a quasi-judicial function or prosecutorial decision; the decision was akin to function of police officer); *Anton v. Getty,* 78 F.3d 393 (8th Cir. 1996) (finding parole officers entitled to absolute immunity where they made recommendations to parole board that parole be delayed, similar to quasi-judicial function performed by parole officers preparing presentence reports). A review of Plaintiff's allegations, construed liberally, demonstrate that Defendants Ross and Blackmon, as parole officers, are entitled to either absolute immunity or qualified immunity.

Accordingly, Claim One against Defendants Ross, Blackmon, and Green is dismissed with prejudice.

### B. Claims Two and Claim Three—Denial of Medical Care

In Claim Two, Plaintiff alleges that he was denied adequate medical care by Defendant Butler and Jackson on September 2, 2019, when he was given another inmate's medication, causing him to be sent to the emergency room for treatment. In Claim Three, Plaintiff alleges Defendants Smith and Garner interfered with his transport to the emergency room. The Court finds that Plaintiff has stated claims against Defendants Butler, Jackson, Smith, and Garner for denial of medical care. Accordingly, these claims shall proceed.

### C. Claim Four—Excessive Force

In Claim Four, Plaintiff alleges that Defendant Hopkins used excessive force against him

on June 5, 2020 while he was "surrendering to an arrest warrant" and "the JPX Round was shot into my left eye." (ECF No. 1, p. 9). The Court finds that Plaintiff has stated a claim for excessive force against Defendant Hopkins. Accordingly, this claim shall proceed.

### D.  Claim Five—Denial of Due Process during Parole Hearing on June 17, 2020

In Claim Five, Plaintiff alleges that he was denied due process during a parole hearing on June 17, 2020, by Defendants Jensen, Green, and Gomez. Plaintiff claims that, during this hearing, "the state produced a statement of evidence against me that I had no prior notice of. Therefore, I could not properly defend myself." (ECF No. 1, p. 11).

For the same reasons stated under the Court's discussion of Claim One, the Court finds Plaintiff's parole officer, Defendant Jensen, is entitled to either qualified or absolute immunity from suit.

Defendant Gomez is an administrative law judge who presided over Plaintiff's parole revocation proceedings. Judges are generally immune from lawsuits. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991) ("judicial immunity is an immunity from suit, not just from ultimate assessment of damages"); *Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994) (judges are generally immune from suit for money damages); *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994) ("Judges performing judicial functions enjoy absolute immunity from § 1983 liability"). Judicial immunity is only overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11; *see also Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978) ("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction") (internal citations omitted). Here, Plaintiff fails to allege any action by Defendant Gomez that was non-judicial or taken without jurisdiction.

Finally, Plaintiff fails to state a claim against Defendant Green because, as previously stated, inmates do not have a constitutionally protected liberty interest in the possibility of parole or probation as required for a due process claim. *Hamilton v. Brownlee,* 237 F. Appx. 114 (8th Cir. 2007). In addition, Plaintiff's allegations are clearly an attempt to challenge his parole revocation. His claims are therefore also barred by the *Heck* doctrine. In *Heck v. Humphrey,* 512 U.S. 477 (1994), the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under § 1983.

*Heck,* 512 U.S. at 486-87. Plaintiff specifically seeks relief from his arrest, parole revocation, and subsequent incarceration. However, Plaintiff has not made any allegations that his parole revocation on July 17, 2020, and subsequent incarceration have been overturned or otherwise favorably terminated. A § 1983 claim that would necessarily imply the invalidity of his confinement is premature if the confinement is not first called into question by the appropriate state or federal remedy. *Id*.; *see also Newmy v. Johnson*, 758 F.3d 1008 (8th Cir. 2014) (holding that *Heck* applies to section 1983 challenges to parole revocations regardless if the plaintiff remains incarcerated); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995) (the plaintiff's section 1983 claim for denial of parole was dismissed because the plaintiff did not first challenge his continued confinement through the appropriate state or federal remedies). Thus, Plaintiff's claims related to his parole revocation during the hearing held on July 17, 2020, are barred by the *Heck* doctrine.

Accordingly, Plaintiff's due process claims set forth in Claim Five against Defendants

7

Jensen, Gomez, and Green will be dismissed with prejudice.

## I. CONCLUSION

For the reasons stated above, the following claims shall proceed: 1) Claim Two for denial of medical care against Defendants Jackson and Butler in their individual and official capacities; 2) Claim Three for denial of medical care against Defendants Smith and Garner in their individual and official capacities; and 3) Claim Four for excessive force against Defendant Hopkins in his individual and official capacity.

For the reasons stated above, the remainder of Plaintiff's claims are dismissed as follows:

1) Claim One for violation of due process against Defendants Ross, Blackmon, and Green in their individual and official capacities is **DISMISSED WITH PREJUDICE**; and

2) Claim Five for violation of due process against Defendants Jensen, Green, and Gomez in their individual and official capacities is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED,** this 16th day of December, 2020.

/s/ Susan O. Hickey
Susan O. Hickey
Chief United States District Judge