IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

JACOB LESTER SHAW                                                                                    PLAINTIFF

v.                                     Civil No. 4:20-cv-04081

JOEY JACKSON, Former Jailer, Little River County
Jail ("LRCJ"); GINA BUTLER, Jail Administrator LRCJ;
CAPTAIN TRACEY SMITH, LRCJ; TIM GARNER,
Transport Officer, LRCJ; and DEPUTY RUSSELL
HOPKINS, LRCJ                                                DEFENDANTS

## REPORT AND RECOMMENDATION

This is a civil rights action filed pursuant to 42 U.S.C. § 1983. Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3)(2011), the Honorable Susan O. Hickey, United States Chief District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. Currently before the Court is Plaintiff's Motion for Reconsideration of the Court's screening order which dismissed two of Plaintiff's claims. (ECF No. 19). Defendants have not yet been served with the Complaint.[1] The Court finds no response to Plaintiff's motion is necessary to rule on the motion.

### I.    APPLICABLE LAW

Motions to reconsider are not mentioned in the Federal Rules of Civil Procedure, so "[f]ederal courts have construed this type of motion as arising under either Rule 59(e) (motion to alter or amend the judgment) or Rule 60(b) (relief from judgment, order, or proceeding)." *Sanders v. Clemco Indus.*, 862 F.2d 161, 168 (8th Cir. 1988). Rule 59(e) motions "serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Hagerman v. Yukon Energy Corp.*, 839 F.2d 407, 414 (8th Cir. 1988). Rule 60(b) motions require the moving party to demonstrate "exceptional circumstances warranting post-judgment relief." *Arnold v. Wood*, 238 F.3d 992, 998 (8th Cir. 2001).

---

[1] On December 17, 2020, the Court issued an order directing service on Defendants. (ECF No. 17).

## II. PLAINTIFF'S MOTION FOR RECONSIDERATION

In the screening Order, Judge Hickey determined Plaintiff stated claims for denial of medical care and excessive force. (ECF No. 16, pp. 5-6, 8). However, she dismissed with prejudice Claims One and Five of the Complaint alleging Plaintiff was denied due process at two separate parole hearings in July of 2019 and June of 2020. *Id.* at pp. 4-8. Plaintiff's Motion for Reconsideration asks the Court to reconsider the dismissal of these claims. (ECF No. 17). Plaintiff does not set forth any manifest errors of law or fact, present newly discovered evidence, or demonstrate exceptional circumstances as required by Rules 59(e) and 60(b). Therefore, the Motion for Reconsideration (ECF No. 19) should be **DENIED**.

## III. CONCLUSION

For the reasons set forth above, I recommend Plaintiff's Motion for Reconsideration (ECF No. 19) be **DENIED.**

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger** *de novo* **review by the district court.**

**DATED** this 8th **day of January 2021**.

/s/ *Barry A. Bryant*
───────────────────────────────
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE